IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


TERRY EMMANSON,

                Petitioner,

    vs.                                    No. CIV 08-841 MCA/LFG

ROBERT EZELL, Warden,
Torrance County Detention Center,

                Respondent.


**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED
DISPOSITION ON GOVERNMENT'S MOTION TO DISMISS[1]**

THIS MATTER comes before the Court on the United States's Motion to Dismiss Applicant's Petition to Vacate or Set Aside [Doc. 12], filed October 24, 2008. No response was filed by Petitioner Terry Emmanson ("Emmanson"), and the time for responding has expired.

On September 15, 2008, Emmanson filed a Petition under 28 U.S.C. § 2241, seeking declaratory and injunctive relief in the form of immediate release from custody. [Doc. 1, at 14; Doc. 10, at 2]. Emmanson alleged that he was being held in Estancia, New Mexico under a contractual agreement with the Department of Homeland Security.

Emmanson stated in his petition that he is a native and citizen of Nigeria who "entered the United States without inspection and has resided in the United States for years working." [Doc. 1, at 4]. He states that he was arrested in 1993 on a charge of robbery, was sentenced to serve time in a federal corrections facility, and that deportation proceedings were commenced while he was incarcerated. Following his federal sentence, he says, he was transferred to a Texas state facility

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

"for the same element and instant offense which he was arrested and charged on July 31, 1993." [Doc. 1, at 4-5].

Emmanson states further that he was granted parole from the Texas Department of Corrections in October 2005, and that he was released and has been working and raising a family since that time.  On February 5, 2008, he says, he was arrested by Immigration and Customs Enforcement (ICE) agents when he reported to his parole officer in Waco, Texas.  He says he has been in continuous custody since that date and has cooperated fully with all efforts by ICE to remove him from the United States, but that ICE has been unable to remove him to Nigeria or Greece, or elsewhere. [Doc. 1, at 4-6].

Emmanson says further that he had a 180-day Custody Review on August 5, 2008 but as of the date the petition was filed, he had not received a decision on that review. [Doc. 1, at 7].  He asserts that his transfer from El Paso Detention Camp to the Corrections Corporation of America facility at Estancia, New Mexico, constitutes an implicit admission that he will remain in custody for the foreseeable future. [Doc. 1, at 10].

On October 24, 2008, the United States filed this Motion to Dismiss, arguing that Emmanson's petition is moot, because he was released from federal custody on October 7, 2008 and deported to Nigeria on that date.  As noted above, Emmanson did not respond to the Motion to Dismiss.

Emmanson makes no claim that he has legal immigration status in the United States, and indeed concedes that he cooperated with ICE in its attempts to have him removed to Nigeria or Greece.  The primary injury alleged by Emmanson's § 2241 petition was his claim that he was going to be held indefinitely pending his removal from the United States, citing Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (establishing a presumptively reasonable period of six months' detention before removal, but also holding, "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the

reasonably foreseeable future").

Emmanson was not held indefinitely, however, and he has since been removed from the country.  His release from detention and removal to Nigeria moots his challenge to the legality of any alleged indefinite period of detention.  Riley v. INS, 310 F.3d 1253, 1257 (10th Cir. 2002).

Exceptions to the mootness doctrine include cases in which: (1) secondary or collateral injuries will survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal process but is free to resume it at any time; or (4) it is a properly certified class suit.  Riley, 310 F.3d at 1257.

This is not a class action.  With respect to collateral injuries, Emmanson's case is similar to that of petitioner in  Sule v. INS, No. 98-1090, 1999 WL 668716, at *1 (10th Cir. Aug. 27, 1999):

> Although we strongly suspect that deportation may, as a matter of law, always entail collateral consequences, we need not, and do not, resolve that issue in this case. Sule has failed to advance any argument regarding collateral consequences, and even though he appears pro se, we cannot make his argument for him.

While there is a possibility that Emmanson's situation is capable of repetition, and that the government could conceivably resume its detention of Emmanson if he were ever to return to the United States, those possibilities are speculative.  As the Tenth Circuit said in Riley:

> We are somewhat concerned about the circumstances surrounding Appellant's release and the potential for the INS to resume Appellant's detention. However, while arguably the narrow exception of voluntary cessation may be applicable, the record provides inadequate development and support of this issue. Therefore, based on the record in front of us, we hold that Appellant's release from detention moots his challenge to the legality of his extended detention.

Id., at 1257.

In addition, nothing that has been presented to the Court indicates that the government's action constituted a "voluntary cessation" of illegal conduct, made in an effort to evade judicial review by temporarily altering questionable behavior.  See, Chihuahuan Grassland Alliance v. Kempthorne, __ F.3d __, 2008 WL 4542310 (10th Cir. Oct. 28, 2008).  Nor does the "capable of repetition, yet evading review" exception apply:

3

> This exception only applies in exceptional situations . . . and arises when . . . there is a reasonable expectation that the same complaining party will be subjected to the same action again.

Id., at *7.

Emmanson has not made the requisite showing on these issues, and the Court finds that none of the exceptions to the mootness doctrine apply under the circumstances of this case.

## **Recommended Disposition**

That the Motion to Dismiss [Doc. 12] be granted and that the Petition be dismissed, without prejudice, as moot.


_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge

4